# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| JASON SEAN HUTSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 17-1164-JDT-cgc |
| | ) |
| CURRIE GIBSON, ET AL., | ) |
| | ) |
| Defendants. | ) |

## ORDER TO MODIFY THE DOCKET, PARTIALLY DISMISSING COMPLAINT AND DIRECTING THAT PROCESS BE ISSUED AND SERVED ON THE REMAINING DEFENDANTS

Plaintiff Jason Sean Hutson, Tennessee Department of Correction (TDOC) prisoner number 305748, an inmate at the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) On August 30, 2017, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) The Clerk shall record the Defendants as Currie Gibson, ATU Counselor;[1] Thomas Corman, ATU Manager;

---

[1] The references to "ATU" are not explained in the complaint, but it may be an acronym for Addiction Treatment Unit.

HCCF Warden Grady Perry; and CoreCivic.[2] Gibson, Corman and Grady are sued in both their official and individual capacities. (*Id.* at 4.)

In his complaint, Hutson alleges that in February 2016, he was moved to the LA pod at HCCF so he could participate in the Residential Drug Abuse Program (RDAP). (ECF No. 1 at 6.) He was assigned to share a cell with another inmate, Johnny Dewayne Stafford. (*Id.*) On or about March 2, 2016, Stafford allegedly began making "off-color sexual comments and slurs" to Hutson, "indirectly at first, but becoming more direct . . . as the weekend progressed." (*Id.*) Hutson alleges he reported the sexual harassment to Defendant Gibson on March 7, 2016. (*Id.*) However, Gibson allegedly failed to take any action and stated instead, "We don't do cell changes per RDAP rules." (*Id.*)

The next day, March 8, 2016, Stafford allegedly began making more direct sexual comments to Hutson and touching him inappropriately. (*Id.*) Hutson reported this conduct to Defendant Corman, who allegedly was "the next level on the chain of command." (*Id.*) Hutson explicitly told Corman that he was afraid he would be raped by Stafford. (*Id.*) However, Corman allegedly also failed to further report Hutson's allegations, to do any investigation, or to separate Hutson from Stafford. (*Id.*) Corman allegedly asked if Hutson had spoken to Gibson about the issue, and when Hutson explained that Gibson had said the

---

[2] Claims against the HCCF are construed as claims against CoreCivic, the private company that manages the prison facility. The Clerk is directed to MODIFY the docket to change Defendant HCCF to CoreCivic.
  Hutson also sues the unnamed Director of Programs and Safety for CoreCivic and the unnamed Director of Rehabilitative Services for TDOC. However, service of process cannot be made on such unidentified parties.

2

RDAP rules prohibited cell changes, Corman merely replied, "Sounds good to me," and walked away. (*Id.* at 6-7.)

Hutson alleges that Stafford raped him anally on March 9, 2016, and, on March 10, 2016, also raped him orally. (*Id.* at 7.) Hutson alleges the attacks by Stafford exacerbated the effects of previous childhood abuse. (*Id.*) Upon evaluation by the HCCF mental health department following the attacks, Hutson allegedly was diagnosed with severe depression and anxiety, post-traumatic stress, paranoia and bi-polar disorder; it was determined he needed regular therapy. (*Id.*) He states that he suffers from unspecified "visible symptoms of these diagnoses on a daily basis," along with loss of sleep due to nightmares. (*Id.*)

Hutson alleges that the enforcement of the RDAP "no cell change" rule, along with the failure of Defendants Gibson and Corman to investigate and act on his complaints, led directly to the sexual assaults he suffered. (*Id.* at 7-8.) The Court construes his allegations as a claim for failure to protect his safety arising under the Eighth Amendment. He seeks monetary damages and injunctive relief to ensure that no other prison rule or policy may supersede the policies established pursuant to the Prison Rape Elimination Act (PREA), 34 U.S.C. § 30301 *et seq.* (ECF No. 1 at 5.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

3

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Hutson filed his complaint pursuant to 42 U.S.C. §1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated

4

or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Hutson's claims against the HCCF and his official-capacity claims will be treated as claims against CoreCivic. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)); *see also Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Thomas*, 55 F. App'x at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). CoreCivic "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Instead, to prevail on a § 1983 claim against CoreCivic, Hutson "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id.*

In this case, Hutson alleges that he was sexually assaulted because Gibson and Currie followed CoreCivic's policy of no cell changes for prisoners participating in an RDAP.

5

Construing the *pro se* complaint liberally, the Court finds that Hutson has sufficiently stated an Eighth Amendment claim against CoreCivic.

Hutson's individual capacity claim against Defendant Perry fails to state a claim. Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his or her subordinates, but fails to act, generally cannot be held liable in his or her individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). In addition, a failure to take corrective action in response to an inmate grievance or complaint ordinarily does not supply the necessary personal involvement for § 1983 liability. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation. A guard who stands and watches while another guard beats a prisoner violates the

Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

Hutson's only allegation against Defendant Perry is that he knew about the RDAP policy prohibiting cell changes and yet left the rule in place, placing inmates in potential danger. (ECF No. 1 at 7.) There is no suggestion that Perry was aware, prior to the assaults, that Hutson was being sexually harassed by Stafford or had sought protection from him. Therefore, Hutson has not alleged that Perry was personally involved in a manner that would support § 1983 liability.

Hutson's individual capacity claims against Defendants Gibson and Corman arise under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Williams v. Curtin*, 631 F.3d at 383; *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010). The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298. A prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm," *Farmer*, 511 U.S. at 834; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005).

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S.

7

at 297, 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303; *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus, in order to be held liable under the Eighth Amendment, a prison "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Hutson alleges that Defendants Gibson and Corman both were aware that he was at a significant risk of harm from Stafford. He further alleges that both Defendants had an opportunity to protect him from that substantial risk of harm yet failed to do so. These allegations sufficiently state plausible Eighth Amendment claims against Defendants Gibson and Corman for failure to protect Hutson.

In conclusion, the Court DISMISSES Hutson's claims against the unidentified defendants and against Defendant Perry for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b(1). Process will be issued for Defendants CoreCivic, Gibson and Currie on Hutson's Eighth Amendment claims for failure to protect.

It is ORDERED that the Clerk shall issue process for Defendants CoreCivic, Gibson and Corman and deliver that process to the U.S. Marshal for service. Service shall be made

on Defendant CoreCivic[3] pursuant to Federal Rule of Civil Procedure 4(h) and Tennessee Rules of Civil Procedure 4.04(4) and (10) and on Defendants Gibson and Corman pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10), either by mail or personally if mail service is not effective. All costs of service shall be advanced by the United States.

It is further ORDERED that Hutson shall serve a copy of every subsequent document he files in this cause on the attorneys for the Defendants or on any unrepresented Defendant. Hutson shall make a certificate of service on every document filed. Hutson also shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[4]

Plaintiff is reminded of his obligation to promptly notify the Clerk, in writing, of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice. IT IS SO ORDERED.

                                                s/ **James D. Todd**
                                                JAMES D. TODD
                                                UNITED STATES DISTRICT JUDGE

---

[3] CoreCivic's registered agent for service of process is CT Corporation System, 300 Montvue Rd., Knoxville, TN 37919-5546. *See* https://tnbear.tn.gov/Ecommerce/FilingSearch.aspx.

[4] A copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at https://tnwd.uscourts.gov/pdf/content/LocalRules.pdf.