UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JASON SEAN HUTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 17-1164-JDT-cgc |
| | ) | |
| CURRIE GIBSON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND
DIRECTING DEFENDANT CORECIVIC TO PROVIDE INFORMATION
REGARDING DEFENDANT CORMAN

Plaintiff Jason Sean Hutson, a prisoner incarcerated at the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee, filed this *pro se* civil rights action on August 28, 2017, alleging the Defendants failed to protect him from harm. (ECF No. 1.) The Court subsequently issued an order dismissing portions of the complaint and directing that Defendants CoreCivic, Currie Gibson and Thomas Corman be served with process. (ECF No. 13.) On September 17, 2018, Defendants CoreCivic and Gibson filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 18.) Hutson has not responded to Defendants' motion.

In evaluating a motion to dismiss for failure to state a claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations

1

as true. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While the complaint "does not need detailed factual allegations," the plaintiff must supply "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. However, the court may consider documents referred to in the complaint and attached as exhibits. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

The Defendants contend Hutson's complaint should be dismissed as time-barred. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Wilhite v. Corrs. Corp. of Am.*, 498 F. App'x 499, 502 (6th Cir. 2012) (citing *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007)); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). In Tennessee, the limitations period for § 1983 actions is the one-year limitations provision found in Tennessee Code Annotated § 28-3-104(a)(1)(B). *Wilhite*, 498 F. App'x at 502; *see also Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005).

Hutson alleges that on March 7, 2016, he first reported to Defendant Currie that he was being sexually harassment by his cellmate, who was making both indirect and direct sexual comments to him, and asked for a cell change; however, Currie did nothing. (ECF No. 1 at PageID 6.) The next day Hutson reported his cellmate's conduct, which had escalated to inappropriate touching, to Defendant Corman and again asked for a cell change. (*Id.*) Hutson told Corman he feared he would be raped, but Corman also did nothing. (*Id.* at PageID 6-7.) Hutson further alleges that due to the Defendants' failure to grant his request to be moved he was raped twice by his cellmate, on March 9, 2016, and on March 10, 2016. (*Id.* at PageID 7.) Defendants argue the complaint is untimely because it was not signed until August 10, 2017, more than one year after those events.

It is the general rule that a plaintiff is not required to plead that a claim is within the limitations period because the statute of limitations is an affirmative defense on which the defendant bears the burden of proof. *See Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001); *see also United States v. Carell*, 681 F. Supp. 2d 874, 888 (M.D. Tenn. 2009). When the defense is raised in a motion to dismiss, it must be apparent from the face of the pleadings that the statute of limitations has expired. *See Sanders v. Williams Equip. & Supply Co., Inc.*, No. 09-02281-A/P, 2010 WL 5575483, at *4 (W.D. Tenn. Dec. 29, 2010) (report and recommendation) (citing *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 520 (6th Cir. 2008)), *adopted by*, No. 09-02281-STA-tmp, 2011 WL 111713 (W.D. Tenn. Jan. 13, 2011). If it is apparent from the face of the pleadings that the action

is untimely, the plaintiff may have an "obligation to plead facts in avoidance of the statute of limitations defense." *Bishop*, 520 F.3d at 520, *quoted in Carell*, 681 F. Supp. 2d at 888.

Before a prisoner may bring an action in federal court concerning prison conditions he is required to exhaust his available administrative remedies. 42 U.S.C. § 1997e(a). Accordingly, the statute of limitations for such an action is tolled while the prisoner pursues those remedies. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *see also Surles v. Anderson*, 678 F.2d 452, 458 (6th Cir. 2012); *Waters v. Evans*, 105 F. App'x 827, 829 (6th Cir. 2004). In this case, the exhibits attached to Hutson's complaint show that he filed an administrative grievance concerning the Defendants' refusal to grant him a cell change, which he appealed through various stages until it was denied by the Tennessee Department of Correction Commissioner's delegate on May 5, 2017, less than four months before the complaint was filed. (ECF No. 1-1 at PageID 13-18.) Therefore, it is not apparent from the face of the pleadings that Hutson's claims are barred by the statute of limitations.

Notwithstanding Hutson's failure to respond to the motion to dismiss, at this stage of the litigation the Defendants have not carried their burden of proving the action is time-barred. Therefore, the motion to dismiss is DENIED.

On August 29, 2018, the process issued for Defendant Thomas Corman was returned unexecuted by the U.S. Marshal. (ECF No. 15.) The Marshal noted on the return that the HCCF Human Resources Department had advised Corman "doesn't work at this facility." (*Id.* at PageID 104.) Therefore, Defendant CoreCivic is ORDERED to provide to the Court, within 30 days after the date of this order, either Corman's current place of

employment or his last known home address and telephone number. Any home address and telephone number provided shall not be disclosed to the Plaintiff but shall be filed *ex parte* and under seal.

IT IS SO ORDERED.

                                                  s/ **James D. Todd**
                                                  JAMES D. TODD
                                                  UNITED STATES DISTRICT JUDGE