UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JASON SEAN HUTSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 17-1164-JDT-cgc |
| ) | |
| CURRIE GIBSON, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

Plaintiff Jason Sean Hutson, a prisoner incarcerated at the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court granted leave to proceed *in forma pauperis* and assessed the filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) Subsequently, the Court partially dismissed the complaint and ordered the Clerk to issue process for the remaining Defendants: CoreCivic, Currie Gibson, and Thomas Corman. (ECF No. 13.) Before the Court is the Defendants' motion for summary judgment. (ECF No. 39.) Hutson has not filed a response to the Defendants' motion.

In February and March 2016, Hutson was a participant in the HCCF's Residential Drug Abuse Program (RDAP). (ECF No. 1 at PageID 6.) On March 7, 2016, he alleges

he first reported to Defendant Gibson, a counselor in the Addictions Treatment Unit (ATU) at the HCCF, that Hutson's cellmate was making "off-color sexual comments and slurs" toward him; Hutson asked for a cell change, but Gibson allegedly said the RDAP rules did not allow for cell changes.  (*Id.*)  On March 8th, after his cellmate's behavior escalated to inappropriate touching, Hutson allegedly reported that conduct to Defendant Corman, the ATU Manager,[1] telling Corman he was afraid his cellmate might rape him and again requesting a cell change.  (*Id.*)  Corman, however, also allegedly did nothing.  (*Id.* at PageID 6-7.)  On March 9, 2016, and again on March 10, 2016, Hutson was raped by his cellmate.  (*Id.* at PageID 7.)  Later on March 10th, as soon as he had an opportunity to do so, Hutson called the PREA[2] hotline.  (3/30/17 Grievance, ECF No. 1-1 at PageID 17.)  He alleges the Defendants violated the Eighth Amendment by failing to protect him from his cellmate.

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court– that there is an absence of evidence to support the nonmoving party's case."  *Celotex Corp.*

---

[1] According to Corman's Declaration, his position is correctly identified as Program Manager of the RDAP.  (Corman Decl. ¶ 2, ECF No. 39-4 at PageID 203.)

[2] Prison Rape Elimination Act, 34 U.S.C. § 30301 *et seq.*

2

*v. Catrett*, 477 U.S. 317, 325 (1986).  Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed" is required to support that assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials;[3] or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)" the district court may:

> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials– including the facts considered undisputed–show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

In *Celotex Corp.*, the Supreme Court explained that Rule 56:

> mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on

---

[3] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2). Additionally, Rule 56(c)(4) specifically provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

> which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

477 U.S. at 322-23. However, where the party moving for summary judgment also has the burden of persuasion at trial, the initial burden on summary judgment is higher. Under those circumstances, the moving party must show "that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012) (internal quotation marks omitted).

In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (same). However, the Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

The fact that Hutson has not responded does not, by itself, require granting the motion for summary judgment. Nevertheless, if the Defendants are entitled to judgment

4

as a matter of law on the evidence contained in the record, then summary judgment is appropriate. *Smith v. Hudson*, 600 F.2d 60, 65 (6th Cir. 1979).

In support of their motion for summary judgment, the Defendants have submitted the Declarations of Defendants Gibson and Corman, (Gibson Decl., ECF No. 39-3; Corman Decl., ECF No. 39-4), the Declaration of former HCCF Warden Grady Perry, (Grady Decl., ECF No. 39-5), the Declaration of HCCF Grievance Chairperson Rebecca Wilson, (Wilson Decl., ECF No. 39-6), and excerpts from Hutson's Deposition, (Pl.'s Dep., ECF No. 39-7). Defendants first argue they are entitled to judgment as a matter of law because Hutson's complaint is time-barred.

In a § 1983 action, the appropriate limitations period is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016) (quoting *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007)); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). In Tennessee, the limitations period for § 1983 actions is the one-year limitations provision found in Tennessee Code Annotated § 28-3-104(a)(1)(B). *Howell*, 655 F. App'x at 351. However, before a prisoner may sue in federal court over prison conditions he is required to exhaust his available administrative remedies. 42 U.S.C. § 1997e(a). The statute of limitations is tolled while the prisoner pursues those remedies. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *see also Surles v. Anderson*, 678 F.2d 452, 458 (6th Cir. 2012); *Waters v. Evans*, 105 F. App'x 827, 829 (6th Cir. 2004).

Under the PREA regulations promulgated by the U.S. Department of Justice, an "agency[4] shall not impose a time limit on when an inmate may submit a grievance regarding an allegation of sexual abuse." 28 C.F.R. § 115.52(b)(1) (2020). However, the same regulation also provides: "Nothing in this section shall restrict the agency's ability to defend against an inmate lawsuit on the ground that the applicable statute of limitations has expired." *Id.* § 115.52(b)(4). The Sixth Circuit has recognized that these regulations mean that "an inmate's *failure to exhaust* can no longer result from an untimely grievance if that grievance involved an allegation of sexual abuse." *Does 8-10 v. Snyder*, 945 F.3d 951, 956 (6th Cir. 2019). An untimely grievance complaining of sexual abuse thus will not justify dismissal of a lawsuit for failure to exhaust, but such an untimely grievance cannot reopen a statute of limitations that has already expired:

> Importantly, one key time limit will still apply: The statute of limitations.... Paragraph (b)(4) clarifies that this standard does not restrict an agency's ability to defend a lawsuit on the ground that any applicable statute of limitations has expired. Thus, if the applicable State statute of limitations is three years, an inmate who files a grievance alleging that abuse occurred four years ago will be unable to seek judicial redress after exhausting administrative remedies if the agency asserts a statute of limitations defense. The statute of limitations provides a backstop against the filing of stale

---

[4] An "agency" is "the unit of a State, local, corporate, or nonprofit authority, or of the Department of Justice, with direct responsibility for the operation of any facility that confines inmates, detainees, or residents, including the implementation of policy as set by the governing, corporate, or nonprofit authority." *Id.* § 115.5 (2020).

claims, as it does for analogous claims of sexual abuse experienced in the community at large.

National Standards to Prevent, Detect, and Respond to Prison Rape, 77 Fed. Reg. 37106-01, 37159, 2012 WL 2317028 (June 20, 2012).

Hutson filed his complaint in this case on August 10, 2017, at the very earliest.[5] The HCCF Grievance Chairperson, Rebecca Wilson, states in her Declaration that her review of TDOC records shows that Hutson did not file any grievances in 2016. (Wilson Decl. ¶ 9, ECF No. 39-6 at PageID 215.) The exhibits attached to Hutson's complaint include a copy of a 2017 grievance he filed concerning the Defendants' alleged refusal to grant him a cell change, resulting in his being raped by his cellmate. He filed the grievance on March 30, 2017, and it was denied at the final stage of the grievance process on May 5, 2017. (ECF No. 1-1 at PageID 13-18.) However, the second sexual assault by Hutson's cellmate occurred on March 10, 2016, so by the time Hutson filed the grievance on March 30, 2017, the one-year limitations period already had expired and was not tolled. Hutson has not responded to Defendant's summary judgment motion and so has not contended that he was prevented from filing an earlier grievance.

Moreover, even if the relevant administrative remedy is Hutson's PREA complaint rather than the normal three-step grievance process he eventually invoked, (*see* Wilson

---

[5] Hutson signed the complaint on August 10, 2017. (ECF No. 1 at PageID 9.) However, the mailroom stamp on the envelope shows it was not placed in the HCCF prison mail system until at least August 20, 2017. (ECF No. 1-2 at PageID 21.) The date on the mailroom stamp is not clearly legible, but "AUG 2... 017" can be made out.

Decl. ¶ 7, ECF No. 39-6 at PageID 215), the complaint in this case still is untimely. Hutson testified in his Deposition that he called the PREA hotline on March 10, 2016, to report the sexual assaults and that a staff member came to the pod to see him "a few minutes later." (Pl.'s Dep., ECF No. 39-7 at PageID 243.) The staff member took Hutson "up front to medical" and "alerted Internal Affairs . . . and they were checking me. Then they transported me to the hospital in Jackson." (*Id.* at PageID 243-44.) A PREA investigation was conducted, and Hutson provided a written statement. (*Id.* at PageID 244.) There is no evidence in the record and no allegation in Hutson's complaint suggesting the PREA investigation took more than five months, until after August 10, 2016, to be completed. There also is no evidence or allegation that Hutson took any additional action after being notified of the results of the PREA investigation but before filing his March 2017 grievance. Thus, even tolling the limitations period during the actual PREA investigation, the statute expired prior to August 10, 2017.

For the foregoing reasons, the Court finds there is no genuine issue of material fact for trial and that Hutson's complaint is barred by the one-year statute of limitations. The Defendants are entitled to judgment as a matter of law, and their motion for summary judgment is GRANTED. (ECF No. 39.)

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Hutson in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that

lead the Court to grant summary judgment also compel the conclusion that an appeal by Hutson would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Hutson would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Hutson nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, Hutson is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                              s/ **James D. Todd**
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE